UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| WILLIAM COBB, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 0: 18-33-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| THOMAS B. SMITH, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate William Cobb has filed a *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 to challenge the Bureau of Prisons'

calculation of his prior custody credits. [D. E. No. 1] This matter is before the

Court to conduct the screening required by 28 U.S.C. § 2243. *Alexander v.*

*Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

On May 3, 2004 in Syracuse, New York, Cobb was sentenced to 120 months

imprisonment for trafficking in crack cocaine. *United States v. Cobb*, No. 1: 02-

CR-403-LEK-1 (N.D.N.Y. 2002). While serving that sentence, on June 7, 2005

Cobb was taken into federal custody pursuant to a writ of habeas corpus *ad*

*prosequendum* to face similar charges in Brooklyn, New York. Following his

conviction, on August 15, 2006 the trial court imposed a 240-month sentence to

run concurrently with Cobb's first federal sentence. *United States v. Cobb*, 1: 04-CR-203-ARR-4 (E.D.N.Y. 2004).

In May 2015, Cobb penned two letters to the trial judge who imposed his second sentence, expressing his belief that (1) because his 20-year sentence had been ordered to run concurrently with his 10-year sentence, he would serve a total of 20 years in prison, and (2) that the BOP was not crediting him with 18 months spent in pretrial custody before his first sentence was imposed. The trial judge responded that his 20-year sentence did not begin to run until it was imposed, and thus was only concurrent with the undischarged portion of his first sentence. [D. E. No. 228-231 therein]

In his petition, Cobb now asserts that he is entitled to prior custody credits for 458 days he spent in pretrial custody from June 2005 until his second sentence was imposed in August 2006. [D. E. No. 1-1] Contrary to Cobb's assertions, the BOP properly understood the nature of his claim and correctly refused to "double count" the time period in question against both his first and second federal sentence.

Cobb's second federal sentence commenced on August 15, 2006, the date it was imposed. 18 U.S.C. § 3585(a). As correctly explained by the trial judge, because of this rule even when a subsequent sentence is ordered to run concurrently with a pre-existing sentence, it only does so with respect to the

2

undischarged portion of the prior sentence. Cf. *United States v. Wells*, 473 F.3d

640, 645 (6th Cir. 2007) ("The district judge had no statutory authority to order

that the defendant's federal sentence should 'commence' [before the date his

sentence was imposed].").  Cobb therefore faced a 20-year sentence beginning in

August 2006.[1]

Had Cobb not already been serving his first sentence, prior custody credits

pursuant to 18 U.S.C. § 3585(b) might have been appropriate.  But that section

only permits application of prior custody credits where the time "has not been

credited against another sentence."  Here, Cobb continued to be in custody and

receiving credits towards his first sentence during this time period even though he

had been transferred to Brooklyn awaiting trial in his second case.  When Cobb

was taken into custody in June 2005 pursuant to a writ of habeas corpus *ad

prosequendum*, this did not effect a transfer of jurisdiction to the Eastern District of

New York for the second prosecution.  Rather, he remained in BOP custody

serving the sentence imposed by the Northern District of New York, and was only

temporarily borrowed for purposes of the second prosecution.  *United States v.

Evans*, 159 F.3d 908, 911-12 (4th Cir. 1998).  Because was serving his first

---

[1]  For administrative convenience, pursuant to 18 U.S.C. § 3584(c) the BOP
aggregated the two sentences into a single sentence of 22 years and nearly four
months commencing in April 21, 2004.  This is done to ensure proper calculation
of such matters as good conduct time earned under 18 U.S.C. § 3584(c).  But the
full term date of the two sentences combined is the same under either approach.

sentence during this period, Section 3585(b) precludes it from being double counted as prior custody credits for the second sentence. *United States v. Wilson*, 503 U .S. 329, 337 (1992); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003).

Accordingly, it is **ORDERED** as follows:

1.      Petitioner William Cobb's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2.      This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 3rd day of May, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge